United States District Court
Middle District of Florida
Jacksonville Division

SHAWN POLINER,

 *Plaintiff,*

v.                                                              NO. 3:20-cv-738-PDB

MANAGED LABOR SOLUTIONS, LLC,

 *Defendant.*

---

# Order

Shawn Poliner brings this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219, against Managed Labor Solutions, LLC. Doc. 1. Twelve others (Godfrey Maina, Samantha Hartel, Katisha Slaughter, James Watson, Julian Matthias, Angel Vanderhorst, Jerry Hooks, Rachel Sanchez, Amy Pigg, Cameron McKown-Bledsoe, LaToya McCrea, and Joshua David Riley) filed notices consenting to join the action.[*] Docs. 6-1, 9-1, 9-2, 16-1, 19-1, 20-1, 22-1—22-8, 23-1, 24-1, 26-1, 27-1.

Before the Court is a joint motion under *Lynn's Food Stores, Inc. v. U.S. by & through U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982). Doc.

---

[*] Under the FLSA, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). That language "supports that those who opt in become party plaintiffs upon the filing of a consent and that nothing further, including conditional certification, is required." *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018). Although an opt-in plaintiff must be similarly situated to the named plaintiff, "the opt-in plaintiffs remain party plaintiffs until the district court determines they are not similarly situated and dismisses them." *Id.*

30. The parties provide a settlement agreement and individual releases, Doc. 30-1, and ask the Court to (1) approve the settlement, (2) enter a stipulated judgment in favor of the plaintiffs "in the amounts agreed upon," (3) retain jurisdiction to enforce the terms of the settlement, and (4) dismiss the action with prejudice upon the defendant's payment. Doc. 30. The settlement agreement contemplates an "agreed-to (proposed) Order on Joint Motion," but the parties provide no proposed order. *See* Doc. 30-1 at 2. In the interest of judicial economy, the Court proceeds without one.

Under the settlement, the defendant must pay: (1) the plaintiffs $25,000 minus $2,446.25 for reimbursement to their counsel for their share of the mediation cost, for a total of $22,553.75 broken down by individual plaintiff; and (2) the plaintiffs' counsel $27,900 plus the $2,446.25 mediation cost, for a total of $30,346.25. Doc. 30-1 ¶¶ 1–2 & p.15.

The Court reviewed the complaint, Doc. 1; the complaint attachments, Docs. 1-1, 1-2; the answer and affirmative defenses, Doc. 15; Poliner's answers to the court interrogatories, Doc. 21; the summary of Poliner's wages, Doc. 25; the joint motion, Doc. 30; and the settlement agreement and individual releases, Doc. 30-1. Based on that review, under *Lynn's Food*, the Court approves the settlement, finding it is a fair and reasonable compromise of disputed issues, including whether the plaintiffs worked off-the-clock while working as transporters or drivers.

On attorney's fees, given the parties' representation they agreed on the attorney's fees separately from the amounts to the plaintiffs, Doc. 30-1 ¶ 2, the Court need not undertake a lodestar review. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Moreover, the fees appear reasonable considering a dozen opt-in plaintiffs and the time needed to prepare

and file a complaint, prepare and file answers to the court interrogatories, review wage information, prepare damages models, engage in settlement efforts, and file the joint motion. No conflict that would taint the settlement is apparent or suggested.

The parties request dismissal with prejudice "upon compliance by Defendant with the payment of the sums agreed upon." Doc. 30 at 21. The settlement requires the defendant to pay the plaintiffs within fourteen days "after the Final Approval Order becoming a final non-appealable order." Doc. 30-1 ¶ 3. Because finality and appealability hinge on dismissal with prejudice, the Court will simply retain jurisdiction for sixty days—a period long enough to ensure payment under the terms of the settlement.

The parties request indefinite retention of jurisdiction to enforce the terms of the settlement agreement, but they provide no reason for the request. *See generally* Doc. 30. Lacking a reason to do otherwise, the Court declines to indefinitely retain jurisdiction to enforce the terms of the settlement agreement. *See* Doc. 30-1 ¶¶ IX(E) (severability); XIV (continuing jurisdiction).

Thus,

1.   The joint motion, Doc. 30, is **granted in part**.

2.   The settlement, Doc. 30-1, is approved as a fair and reasonable compromise of disputed issues.

3.   The case is dismissed with prejudice.

4.   The Clerk of Court must enter a single stipulated judgment in favor of:

   a.   Shawn Poliner for $3,012.92;
   b.   Godfrey Maina for $37.66;

3

    c.     Samantha Hartel for $715.57;

    d.     Katisha Slaughter for $22.60;

    e.     James Watson for $2,003.59;

    f.     Julian Matthias for $502.15;

    g.     Angel Vanderhorst for $4,968.81;

    h.     Jerry Hooks for $451.94;

    i.     Rachel Sanchez for $768.30;

    j.     Amy Pigg for $1,664.64;

    k.     Cameron McKown-Bledsoe for $3,999.16;

    l.     LaToya McCrea for $2,297.36; and

    m.    Joshua David Riley $2,109.05;

with the defendant paying a separate amount for attorney's fees, costs, and expenses to the plaintiffs' counsel in the total amount of $30,346.25; and the Clerk of Court then **must close** the file.

5.    The Court **retains** jurisdiction for 60 days to enforce the terms of the settlement.

**Ordered** in Jacksonville, Florida, on February 19, 2021.

_____

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

4